**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| TRISTANA RODRIGUEZ, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-26-758-SLP |
| CARRIE LAWRENCE, et al., | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court pursuant to its October 13, 2026 Order directing Plaintiff to show cause by October 23, 2026 why this action should not be dismissed for failure to prosecute. [Doc. No. 14]. To date, Plaintiff has not responded to the Court's Order. Accordingly, this action is subject to dismissal for failure to prosecute and failure to comply with the Court's Orders. *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cty. Justice Ctr*., 492 F.3d 1158, 1161 n. 2 (10th Cir. 2007) (sua sponte dismissal permitted where a plaintiff fails to comply with the rules of civil procedure or the court's orders).

In her Complaint, Plaintiff alleges that she entered into a signed service contract with Defendants "[o]n May 8, 2021" and "[o]nly $10,000 total was ever paid." [Doc. No. 3] at 8. However, Plaintiff does not state when the alleged breach of contract occurred, so the Court is unable to determine whether the statute of limitations on Plaintiff's claim has run. *See* 12 Okla. Stat. § 95(A) (providing the statute of limitations for a breach of contract claim is 5 years for a written contract). Because expiration of the statute of limitations can

cause "a dismissal without prejudice [to] have the practical effect of a dismissal with prejudice," the Court, out of an abundance of caution, deems it necessary to consider criteria known as the "*Ehrenhaus* factors." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992).

The "*Ehrenhaus* factors," include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id; see also Nasious*, 492 F.3d at 1162.

The first factor has little relevance here, but all the other factors suggest dismissal is warranted. As to the second factor, Plaintiff's failure to respond to the Court's Order impacts the Court's "ability to manage its docket and move forward with the cases before it, and it cannot do this if a party fails to respond to court orders." *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009). With respect to the third and fourth factors, Plaintiff was expressly warned that this action "may be dismissed without further notice" if she failed to timely show cause. [Doc. No. 14] at 1.

Finally, the Court finds that no sanction less than dismissal is practical under the circumstances. Absent any response from Plaintiff, the Court cannot ascertain whether she still intends to pursue her claims, nor does the record suggest any other sanction would be appropriate. Considering all these factors together, the Court finds dismissal without prejudice is warranted, even if it is equivalent to dismissal with prejudice.

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice. A separate judgment shall be entered contemporaneously herewith.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Electronically [Doc. No. 5] and Plaintiff's Amended Motion for Temporary Restraining Order [Doc. No. 6] are DISMISSED AS MOOT.

IT IS SO ORDERED this 29th day of October, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**